UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW THRASH, on behalf
of himself and all employees
similarly situated,

    Plaintiff,

vs.                      CASE NO:

TADLOCK ROOFING, INC.,
f/k/a DALE TADLOCK ROOFING, INC.

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, MATTHEW THRASH ("Plaintiff"), by and through undersigned counsel, on behalf of himself and all employees similarly situated, hereby sues Defendant, TADLOCK ROOFING, INC., a Florida for profit corporation ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This action is to recover from Defendant unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").

2.    This Court has jurisdiction under 29 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Plaintiff is a resident of Leon County, Florida and a substantial part of the events or omissions giving rise to the claim occurred in Leon County, Florida.

4. Defendant was at all times material doing business within the jurisdiction of the District Court of the Northern District of Florida, where Plaintiff was employed, and at all times material was and is engaged in interstate commerce.

5. Defendant is and, at all times material, was engaged in interstate commerce. Defendant is a for-profit Florida corporation engaged in the business of installing and repairing roofs using materials and supplies imported from without the State of Florida and otherwise regularly engages in interstate commerce.

6. The annual gross revenue of Defendant was at all times material in excess of $500,000.00 per annum.

7. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

8. The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee

compensation and hours worked by Plaintiff and other similarly situated employees. Plaintiff and those similarly situated are "employees" of Defendant.

## COUNT I – UNPAID OVERTIME WAGES

9. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 8 above.

10. Within the three-year period preceding the filing of this action, Plaintiff and similarly situated employees were employed as roofing installers and technicians and performed services as same on behalf of Defendant.

11. During such time period Plaintiff and similarly situated employees were paid on a piece-rate basis. Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week. Among other work performed, Plaintiff and similarly situated employees were regularly required to travel outside of the Tallahassee area (or area where they lived) and were not compensated for such travel when the travel and the work time exceeded forty (40) hours in a work week. Defendant did not pay Plaintiff and similarly situated employees overtime wages for overtime hours they worked in excess of forty (40) hours weekly as required by the FLSA. The failure to do so violates the FLSA.

12. At all times pertinent to this Complaint, Defendant failed to comply with the FLSA in that Plaintiff and similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and similarly situated employees the overtime compensation to which they were lawfully entitled for the period of time each work week they performed labor on behalf of Defendant.

13. Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 C.F.R. § 516.

14. Defendant intentionally and willfully failed to pay Plaintiff and similarly situated employees their overtime wages as Defendant had knowledge of Plaintiff's and similarly situated employees' schedules and the overtime hours that Plaintiff and similarly situated employees worked, and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages.  Defendant used formulas in a spreadsheet to record erroneous hours worked, rather than record the actual hours worked by Plaintiff and those similarly situated.  Such actions show Defendant's knowledge of the obligation to keep accurate time records but an intent to keep false records to avoid the obligation to keep accurate time records and pay proper overtime pay to Plaintiff and those similarly

situated. Defendant did not act in good faith when it refused and failed to pay appropriate overtime.

15. Defendant remains owing Plaintiff and similarly situated employees these unpaid overtime wages as set forth above, and Plaintiff and similarly situated employees are entitled to recover double damages under 29 U.S.C. § 216.

16. Plaintiff has retained the undersigned attorneys to represent him and has incurred attorneys' fees and costs in bringing this action.

WHEREFORE, Plaintiff and similarly situated employees demand judgment against Defendant as follows:

(a) payment of compensation at one and one-half the regular rate of pay for all unpaid overtime hours worked by Plaintiff and similarly situated employees which have not be properly paid as required by 29 U.S.C. § 207;

(b) liquidated damages in an amount equal to the unpaid overtime compensation awarded as required by 29 U.S.C. § 216;

(c) reasonable attorneys' fees and costs of suit as allowed by 29 U.S.C. § 216; and

(d) all other appropriate relief including prejudgment interest.

**DEMAND FOR JURY TRIAL**

Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

s/Sean Culliton
SEAN CULLITON
Fla. Bar No. 0986232
Sean Culliton, Esq., LLC
150 John Knox Road
Tallahassee, FL 32303
(850) 385-9455
(813) 441-1999 (fax)
Sean.Culliton@gmail.com

s/John C. Davis
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL, 32303
(850) 222-4770
(850) 222-3119 (fax)
john@johndavislaw.net

Attorneys for Plaintiff