**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

MATTHEW THRASH, on behalf of himself
and all employees similarly situated,

    Plaintiff,

v.

    Case No.: 4:19-cv-00038-MW-MJF

TADLOCK ROOFING, INC., f/k/a DALE
TADLOCK ROOFING, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Tadlock Roofing Inc. f/k/a Dale Tadlock Roofing, Inc. ("Tadlock"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### ANSWER

### JURISDICTION AND VENUE

1. Admit.

2. Defendant admits that this Court has jurisdiction of claims brought under the laws of the United States, including the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA")

3. Defendant admits that venue is proper in Leon County, but is without sufficient knowledge or information regarding where Plaintiff resides to admit or deny that allegation and denies remaining allegations in Paragraph 3.

4. Defendant admits that jurisdiction and venue is proper in the United States District Court for the Northern District of Florida, Tallahassee Division, but denies the remaining allegations in Paragraph 4.

5. Defendant admits that it is a for-profit Florida corporation engaged in the business of installing and repairing roofs; Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 5 and, thus, denies the same.

6. Admit

7. Defendant submits that the allegations contained in Paragraph 7 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same.

8. Defendant submits that the allegations contained in Paragraph 7 are legal conclusions for which no response is required. To the extent that a response is required, Defendant admits that it was directly involved in decisions affecting employee compensation and hours worked by Plaintiff. Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same.

## COUNT I – UNPAID OVERTIME WAGES

9. Defendant realleges and incorporates the preceding paragraphs 1 through 8 as if more fully stated herein.

10. Defendant admits that it employed Plaintiff as a roofing installer and/or technician for a portion of the three-year period preceding the filing of this action.

Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same.

11. Defendant admits that it compensated Plaintiff on a piece-rate basis for a portion of the three-year period preceding the filing of this action; Defendant denies the remaining allegations with respect to Plaintiff. Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same. Defendant further submits that the allegations contained in Paragraph 11 regarding the requirements, and violations, of the FLSA are legal conclusions for which no response is required.

12. Defendant submits that the allegations contained in Paragraph 12 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same. Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same.

13. Defendant submits that the allegations contained in Paragraph 13 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same. Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same.

14. Defendant submits that the allegations contained in Paragraph 14 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same. Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same.

15. Defendant submits that the allegations contained in Paragraph 15 are legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the same. Defendant is without sufficient knowledge or information with respect to "similarly situated" employees and, thus, denies allegations regarding the same.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint and, thus, denies the same.

## DEMAND FOR JURY TRIAL

Defendant neither admits nor denies that Plaintiff has requested a jury trial, as it does not contain allegations of ultimate fact.

## GENERAL DENIAL

Defendant hereby denies each and every allegation of the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant submits the following affirmative defenses to the Complaint.

1. The Complaint fails to state a claim upon which relief can be granted against Defendant.

2. Some, or all, of the disputed time in this action is not compensable pursuant to the de minimus doctrine.

3. At all times material to this action, Defendant acted in good faith with reasonable grounds for believing that its actions complied with the law. Any of Defendant's alleged violations of the FLSA, although such is not admitted herein or hereby,

was not knowing or willful.  Thus, Defendant is not liable on Plaintiff's FLSA claims pursuant to 29 U.S.C. § 259.

4. At all times material to this action, Defendant acted in good faith with reasonable grounds for believing that its actions fully complied with the law. Any of Defendant's alleged violations of the FLSA, although such is not admitted herein or hereby, was not knowing or willful.  Thus, 29 U.S.C. § 260 limits Defendant's alleged liability on Plaintiff's FLSA claims.

5. Defendant reserves the right to raise and set forth additional affirmative defenses as they arise or become known to Defendant.

Respectfully submitted this 21st day of February, 2019.

                                        */s/ Benjamin S. Briggs*
                                        Trenton H. Cotney
                                        Florida Bar No. 176214
                                        Benjamin S. Briggs
                                        Florida Bar No. 113814
                                        **COTNEY CONSTRUCTION LAW, LLP**
                                        3110 Cherry Palm Drive, Suite 290
                                        Tampa, FL  33619
                                        Tel: 813-579-3278
                                        Fax: 813-902-7612
                                        tcotney@cotneycl.com
                                        bbriggs@cotneycl.com
                                        courtfilings@cotneycl.com
                                        *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 21, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will automatically serve a copy via electronic mail to **Sean Cullliton, Esq.**, Sean Culliton, Esq., LLC, 150 John Knox Road, Tallahassee, FL 32303 (Sean.Culliton@gmail.com) and **John C. Davis,**

5

**Esq.**, Law Office of John C. Davis, 623 Beard Street, Tallahassee, FL 32303 (john@johndavislaw.net).

*/s/ Benjamin S. Briggs*
